# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **FREDDIE R. LEWIS** | **CIVIL ACTION NO. 11-469-P** |
| **VERSUS** | **JUDGE STAGG** |
| **WARDEN TIMOTHY WILKINSON** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

Freddie R. Lewis ("Plaintiff") is incarcerated at the Winn Correctional Center in Winnfield, Louisiana.  He filed the instant petition for writ of <u>habeas</u> <u>corpus</u> pursuant to 28 U.S.C. § 2254 on March 22, 2011.  Petitioner names Warden Timothy Wilkinson as respondent.

Petitioner filed a "Motion for Injunctive Order " (Doc. 4).  He asks that the Court order prison officials to cease and desist from interfering with his access to the law library and the courts and grant him unlimited access to the law library for the duration of his custody.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

(b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified compliant that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party's attorney can be heard in opposition...

In order for Plaintiff to obtain a preliminary injunction, he would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury

absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction, and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001).  Plaintiff must prove all four elements and any failure to prove any one element will result in the denial of the motion. Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464, 472 (5th Cir.1985).  "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." Lewis v. S.S. Baune, 534 F.2d 1115, 1121 (5th Cir. 1976).

A prisoner alleging inadequacies in the prison law library raises an access to the courts violation.  Prisoners  have a constitutional right of meaningful access to the courts. Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir.1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977)).  However, this constitutional guarantee is not without limitation.  Lewis v. Casey, 518 U.S. 343 (1996) (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261-62, 96 L.Ed.2d 64 (1987)).

In Lewis v. Casey, 518 U.S. 343, (1996), the Supreme Court reviewed its holding in Bounds v. Smith, 430 U.S. 817, (1977) which  is the source of a prisoner's constitutional right to "meaningful access to the courts."  While the Supreme Court reaffirmed a prisoner's right of access to the courts in Lewis, the Court limited the parameters of Bounds and set forth a standard to be applied when determining whether to grant relief for an access to the courts violation.  In so holding, the Court noted that a prisoner must show an actual injury,

explaining that this requirement is derived from the doctrine of standing.  <u>Lewis</u>, 116 S.Ct. at 2179.  The Court used the analogy of a prisoner who is denied access  to that of a healthy prisoner who has been deprived of medical treatment.  In both cases, neither the access deprived prisoner nor the healthy prisoner have sustained constitutional injury, and thus, are not entitled to relief under Section 1983.  The Court emphasized that the court's role is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons.

Accordingly, the Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury in non-frivolous litigation as a result of the defendant's alleged unconstitutional conduct.  <u>Ruiz v. United States</u>, 160 F.3d 273, 275 (5th Cir. 1998); <u>Chriceol v. Phillips</u>, 169 F.3d 313, 317 (5th Cir. 1999).

Application of the actual injury requirement to the instant case supports a finding that Petitioner is not entitled to the relief he seeks.  Petitioner has not satisfied the "actual injury" requirement.  Petitioner has failed to allege that he lost the right to commence, prosecute or appeal any suit as a result of the alleged denial of access to the law library.  Furthermore, Plaintiff's complaint in this Court reveals on its face that he was able to clearly present his claims to this Court.  Thus, he has failed to state any actual injury.

Thus, the allegations in this motion do not present a substantial likelihood of success on the merits.  The allegations in this complaint do not present a substantial threat of irreparable injury absent a restraining order or injunction. The claims are typical prison

complaints that do not affect or threaten the physical well-being or health of the prisoner and are capable of ready resolution through the ordinary litigation process that has now commenced.  The claims alleged (if proved) are capable of adequate redress by an award of monetary damages and, if warranted, a post-judgment injunction.  The issuance of such extraordinary relief is not, however, appropriate at this time.

Accordingly;

**IT IS RECOMMENDED** that the "Motion for Injunctive Order" (Doc. 4) be **DENIED**.

### OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the

unobjected-to proposed factual findings and legal conclusions accepted by the district court.

See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

     **THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 19 day of July, 2011.

_____

MARK L. HORNSBY

UNITED STATES MAGISTRATE JUDGE
