RECEIVED
AUG 1 7 2011
TONY R. MOORE, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

FREDDIE R. LEWIS

versus

CIVIL ACTION NO. 11-0469
JUDGE TOM STAGG

WARDEN TIMOTHY WILKINSON

## MEMORANDUM ORDER

Before the court is a document entitled "Pro Se 'Omnibus' Motion 'in Objection'" filed by Freddie R. Lewis ("Lewis"). See Record Document 18. This court will construe the filing as an appeal, as the plaintiff complains of rulings by Magistrate Judge Mark Hornsby regarding his requests for an evidentiary hearing and appointment of counsel. Based on the following, Judge Hornsby's orders are **AFFIRMED.**

In an order signed on July 12, 2011, Judge Hornsby denied Lewis's "Pro Se Motion for Evidentiary Hearing" as premature. See Record Document 14. In a separate order signed on July 19, 2011, Judge Hornsby denied Lewis's "Pro Se Motion for Appointment of Counsel." See Record Document 15. In his ruling, Judge Hornsby noted that there is no constitutional right to appointment of counsel in a

1

federal habeas corpus matter but that appointment of counsel is proper when the interests of justice so require. See id. Judge Hornsby explained that Lewis's petition has been referred to the pro se staff attorney for initial review and the court has not yet determined the necessity of an evidentiary hearing. See id. The magistrate judge concluded that until the court determines whether an evidentiary hearing will be necessary, the interests of justice do not require the appointment of counsel. See id.

Any party may appeal a magistrate judge's ruling on a non-dispositive matter to a district court judge under Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 74.1 M & W. On appeal, the district judge may "set aside any portion of the order found to be clearly erroneous or contrary to the law." Fed. R. Civ. P. 72(a).

The decisions by Judge Hornsby to deny Lewis an evidentiary hearing and appointment of counsel are non-dispositive matters. These actions are not listed in 28 U.S.C. § 636(b)(1)(A) as dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide. See Maisonville v. F2 America, Inc., 902 F.2d 746, 747-748 (9th Cir. 1990) ("[S]ection 636(b)(1)(A) lists those motions which may not be determined by a magistrate. Accordingly, any motion not listed, nor analogous to a motion listed in this category, falls within the non-dispositive group of matters which a magistrate may determine."). The magistrate judge's July of 2011 rulings are not recommendations to the district court,

which normally require <u>de novo</u> review under Rule 72. Rather, they are orders from the magistrate judge on non-dispositive matters that require the district court to uphold the rulings unless they are clearly erroneous or contrary to law. <u>See</u> 28 U.S.C. § 636(b)(1)(A).

The court agrees with the magistrate judge's conclusion that an evidentiary hearing is premature and that the interests of justice do not require appointment of counsel at this time. <u>See</u> Record Documents 14 and 15. Accordingly;

**IT IS ORDERED** that Magistrate Judge Hornsby's orders of July 12, 2011 (Record Document 14), and of July 19, 2011 (Record Document 15), be and are hereby **AFFIRMED.**

Additionally, Lewis requests additional time in the law library. <u>See</u> Record Document 18. **IT IS ORDERED** that Lewis's motion for additional time in the law library (Record Document 18) is **DENIED.**

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 17th day of August, 2011.



JUDGE TOM STAGG

3