UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

FREDDIE R. LEWIS                        CIVIL ACTION NO. 11-cv-0469

VERSUS                                  JUDGE STAGG

WARDEN, WINN CORRECTIONAL               MAGISTRATE JUDGE HORNSBY
CENTER, ET AL

**REPORT AND RECOMMENDATION**

**Introduction**

Lewis Smith, an undercover agent, went to the home of Freddie Ray Lewis ("Petitioner") on Edwards Street in Bossier City, accompanied by a confidential informant. Smith was able to, on four separate occasions over the course of about six weeks, purchase crack cocaine from the male resident of the home. The man referred to himself as Old School, but a female resident called him Freddie. Agent Smith testified at trial that he could positively identify Petitioner as the man who sold him crack cocaine on four occasions. Smith said he got a good look at Petitioner as the men sat at the kitchen table while Petitioner smoked crack and told long-winded stories that took 15 to 40 minutes. Police obtained a search warrant for Petitioner's home, and they arrested Petitioner when they executed it. They found drugs and drug paraphernalia in the home.

A Bossier Parish jury heard this evidence and convicted Petitioner of four counts of distribution of Schedule II CDS, and the court sentenced Petitioner to 20 years imprisonment on each count, to be served concurrently. The conviction and sentence were affirmed on

direct appeal.  <u>State v. Lewis</u>, 1 So. 3d 665 (La. App. 2d Cir. 2008), <u>writ</u> <u>denied</u>, 25 So.3d 827 (La. 2010).  Petitioner filed multiple pro se submissions in connection with his direct appeal and a post-conviction application and related state court proceedings.  He now presents 18 grounds for federal habeas corpus relief.  Although it is difficult to trace the path of the multi-faceted and convoluted claims through the state court to see if they were properly exhausted, the State concedes that Petitioner "has exhausted all his available State court remedies." For the reasons that follow, it is recommended the petition be denied.

**Habeas Standard of Review**

Habeas corpus relief is available with respect to a claim that was adjudicated on the merits in the state court only if the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d).

A state court's decision is contrary to clearly established Supreme Court precedent when it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts. <u>Pape v. Thaler</u>, 645 F.3rd 281, 287 (5th Cir. 2011). A state court makes an unreasonable application of clearly established federal law when it identifies the correct governing legal principle from the Supreme Court's decisions but applies it to the facts in a

way that is not only incorrect but objectively unreasonable. <u>Renico v. Lett</u>, 130 S.Ct. 1855, 1862 (2010).

"If this standard is difficult to meet, that is because it was meant to be." <u>Harrington v. Richter</u>, 131 S.Ct. 770, 786 (2011).  Section 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and reaches only "extreme malfunctions" in the state criminal justice system.  <u>Id</u>.  Thus, "even a strong case for relief  does not mean the state court's contrary conclusion was unreasonable." <u>Id</u>.

**False Arrest**

Petitioner argues that the arresting officers entered his home without an arrest warrant and, therefore, unlawfully arrested him.  Petitioner raised this issue on direct appeal in a pro se brief.  The state appellate court held that the officers who arrested Petitioner were not required to have a warrant to make a felony arrest based on the observations of an undercover agent.

There is an "established rule that illegal arrest or detention does not void a subsequent conviction." <u>Gerstein v. Pugh</u>, 95 S.Ct. 854 (1975).  <u>See also</u> <u>Montoya v. Scott</u>, 65 F.3d 405, 421 (5th Cir. 1995).  Petitioner could not, therefore, obtain habeas relief from his conviction even if he could show his arrest was illegal. Furthermore, he has not shown that the state court erred in finding the arrest legal.

**Falsified Arrest Reports**

Petitioner's second ground is a shotgun assertion that there was an unlawful entry of his home to make a false and warrantless arrest, no crimes were committed as evidenced by

the lack of audio or video evidence of the drug sales, and the arrest report was falsified. Some of these issues were explored at a suppression hearing held before Judge Robinson in state court.

Agent Smith testified at the hearing about his purchases from Petitioner and how he obtained a search warrant for Petitioner's home.  Officer Jason Swan testified that he was present at the home when the search warrant was executed.  He encountered Petitioner inside and found crack cocaine on the dining room table.  Other officers found incriminating items such as crack pipes in the house.  The judge denied the motion to suppress after finding that the affidavit and application for search warrant were in proper form, and the warrant was based on probable cause.  He made a related ruling on the preliminary examination that the evidence was not only sufficient to hold Petitioner for trial but was "overwhelming of his guilt."  Despite that observation by the court, Petitioner immediately afterward rejected a plea offer to a 10-year maximum sentence.  Tr. 588-655.

As noted above, a claim of false arrest cannot give rise to habeas relief.  To the extent Petitioner raises a Fourth Amendment claim of unlawful search, a federal habeas court is generally barred from reviewing Fourth Amendment claims under Stone v. Powell, 96 S.Ct. 3037 (1976). "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  96 S.Ct. at 3037. See also Janecka v. Cockrell, 301 F.3d 316, 320 (5th Cir. 2002).  Louisiana afforded Petitioner an opportunity to fully litigate his Fourth Amendment

claim, and he did so.  Stone therefore bars habeas consideration of Petitioner's claims of unlawful search.  Furthermore, it does not appear evidence found in the search was used to secure the convictions at issue.  The drugs introduced at trial were those Petitioner sold Agent Smith, not those found in the later search of the home.

Petitioner protests the lack of audio or video evidence, but the testimony of an eyewitness police officer is sufficient to sustain a conviction.  The state court found the evidence sufficient on direct appeal under the standard of Jackson v. Virginia, 99 S.Ct. 2781, 2789 (1979).  That decision may not be overturned on federal habeas review unless it was an objectively unreasonable application of the deferential Jackson standard.  Parker v. Matthews,132 S.Ct. 2148, 2152 (2012).  It was not.

Petitioner's claims of falsified arrest reports are, like many of his bold claims, unsupported by any facts in the record.  No relief is warranted on this claim.

**No Warrant Filed With Clerk of Court**

Petitioner's third ground complains that a warrant was not filed in the Clerk of Court's office and most of his 30 or more pro se motions filed in the trial court were denied.  The body of the argument also contains repeated claims regarding the lawfulness of his arrest and related matters.

The Constitution does not require a warrant be filed in the clerk's office on the date it is issued.  The mere denial of pretrial motions, without related constitutional harm, is not grounds for federal habeas relief.  Petitioner may contend that the state court ran afoul of state statutes or rules, but a federal habeas court does not sit as a "super state supreme court"

to review errors under state law. <u>Dickerson v. Guste</u>, 932 F.2d 1142, 1145 (5th Cir. 1991). Only federal law violations may give rise to habeas relief.  There is no basis for relief on this claim.

## <u>Miranda</u> **Rights**

Petitioner argues under ground four that he was not read his <u>Miranda</u> rights before being "kidnapped" from his home, was denied a 72-hour hearing and appointment of counsel, and was held silent at his initial unrecorded proceeding.

The Constitution requires <u>Miranda</u> rights be given and waived before a statement made during custodial interrogation may be used in evidence against a defendant.  There is not, however, a free-standing right to have <u>Miranda</u> rights read upon arrest, and there is certainly no basis to vacate a conviction due to the lack of such advice when no statement by the defendant is used in evidence.

The criminal court minutes indicate that Petitioner made his initial appearance in court, where Judge Stinson read him his rights about assistance of counsel and referred him to the Indigent Defender Board.   Petitioner was represented by counsel at his next appearance, which was the arraignment, and all subsequent appearances.  The state court found that the claim of a lack of 72 hour hearing "was completely unsupported by evidence" and that one was held November 21, 2005 (three days after the November 18 arrest).  Tr. 243 and 940.  Nothing in these claims entitles Petitioner to have his convictions vacated.

**Arraignment**

Petitioner argues in ground five that he was not allowed to speak at his arraignment, a person who had not been appointed as his counsel waived the reading of the indictment against Petitioner's wishes, and there is no transcript of the arraignment.  The state appellate court noted that the record contains the court minutes, which reflect that Petitioner was represented at the arraignment by attorney Mary Jackson of the ID Board.  Lewis, 1 So.3d at 672.  Petitioner has not demonstrated that this decision was incorrect or that he suffered any harm of constitutional magnitude that would entitle him to habeas relief related to the arraignment, at which he entered a not guilty plea.

**Attorney Andrew Jacobs**

Petitioner argues in ground six that appointed counsel Andrew Jacobs of the ID Board engaged in improper behavior at a hearing by attempting to persuade Petitioner to plead guilty and stated that Petitioner was a flight risk.  Petitioner obviously did not take the advice to plead guilty, so he cannot complain of harm stemming from the advice.  There is no transcript to support Petitioner's claim that his own counsel undermined his attempt to obtain release on his own recognizance.  In any event, whether Petitioner could obtain particular bail terms or pretrial release is not a lawful basis for vacating his conviction on habeas review.

Petitioner under this claim, as he does throughout his thousands of pages of filings in the state and federal courts, complains about every step in or aspect of the proceedings against him.  As noted above, the federal court does not review the entire proceedings

looking for errors of state law.  It is only those errors of constitutional magnitude that undermine confidence in the conviction that can lead to habeas relief.  None have been demonstrated.

**Appellate Review**

Petitioner argues in ground seven that the state court of appeal erroneously assumed that his pro se motion to suppress was heard and denied by the trial court, which somehow resulted in the appellate court's inability to conduct a review for errors patent.  Petitioner's arguments related to this issue include assertions of improper denial of pro se discovery motions, false imprisonment, lost filings, and a host of other matters.  None of them merit relief.  The appellate court record included a transcript of the hearing on a motion to suppress.  There is no articulated or observed error with respect to the suppression ruling that an error patent review would or did reveal.  Furthermore, any Fourth Amendment claim is barred by Stone v. Powell.

**Veil of Case Minutes and Shroud of No Transcripts**

Petitioner argues in ground eight that a veil of case minutes and a shroud of "no transcripts available" conceal manifest constitutional errors committed in his case.  Petitioner complains about the legality of the search warrant, the completeness of discovery, and his attorney's refusal to file an amended motion to suppress that the attorney believed was frivolous (but was later filed anyway).

Petitioner does not articulate any harm stemming from the delayed filing of the amended motion to suppress or the incompleteness of discovery.  The record indicates that

the suppression hearing fully explored the legality of the search, and there is no general

constitutional right to discovery in a criminal case that would provide for habeas relief due

to responses that might be incomplete under state law.  <u>Weatherford v. Bursey</u>, 97 S.Ct. 837

(1977).

**PE and Suppression Hearing**

Petitioner argues under ground nine that when Officers Smith and Swan identified him

at the suppression/preliminary examination hearing their testimony was unreliable because

Petitioner was the only person in the room in a prison uniform, there was no video of the

alleged drug buys, and similar reasons.  Just as an arrest without probable cause is not a basis

to overturn a conviction on habeas review, the existence of probable cause at a PE hearing

is not a basis to overturn a later state court conviction that is proved at trial beyond a

reasonable doubt.  To the extent Petitioner tries to undermine the suppression ruling, <u>Stone

v. Powell</u> bars habeas relief.

**Coercive Judge**

Petitioner argues in ground ten that Judge Robinson exhibited bias towards him and

attempted to coerce him by stating, after the preliminary examination, that Petitioner was

facing the maximum exposure of 120 years and that, absent an acceptable plea agreement,

the next court appearance would be for trial.  The court then took a 25-minute recess.

Petitioner complains that this was improper and coercive.  Petitioner was not, however,

coerced by judge or counsel to accept the plea offer of a 10-years maximum sentence that

was made during the recess.  Petitioner rejected it and insisted on going to trial (and

obtaining a sentence twice as long).  Petitioner cannot overturn his conviction on the grounds that the judge tried to talk him into taking a good deal that Petitioner refused.

**Motion for Speedy Trial**

Petitioner begins his discussion under ground eleven by stating that he filed a motion relative to a speedy trial in March 2007, but neither the judge nor the State responded until May 2007.  Petitioner then recites how "due to the failure" he filed numerous petitions in the Supreme Court, state appellate court, and engaged in various other procedural pursuits.  Trial was held in September 2007.

Petitioner does not articulate any basis on which the state speedy trial rules were violated.  Even if he could do so, federal consideration of a claim that a state has violated its own speedy trial rules is limited to a determination of whether the state's action has violated Petitioner's constitutional right to a speedy trial or to due process.  Millard v. Lynaugh, 810 F.2d 1403, 1406 (5th Cir. 1987).

A federal habeas court determines whether there was an undue delay between charging and trial by applying the balancing test of Barker v. Wingo, 92 S.Ct. 2182 (1972) based on the following factors: (1) the length of delay, (2) the reason for delay, (3) the assertion of the speedy trial right, and (4) prejudice to the accused.  See also Cowart v. Hargett, 16 F.3d 642, 646 (5th Cir. 1994).  Petitioner first appeared in court in November 2005 and was convicted in September 2007.  He appeared in court frequently during that time for various hearings, and trial was held fairly soon after the speedy trial right was

asserted. Petitioner has not articulated any prejudice stemming from the time between charge and trial. Accordingly, there is no basis for habeas relief with respect to this claim.

**No Pretrial Hearing**

Petitioner argues under ground twelve that his attorney did not move the court to hold a hearing on various pretrial issues contained in a pro se supervisory writ that Petitioner filed directly in the Supreme Court of Louisiana. Petitioner does not articulate how any of the claims in the writ application, if a hearing had been held, would have resulted in any likelihood of exoneration. The claims (most of which are also raised in this habeas petition) were addressed by the trial court in a written decision and found to lack merit. Tr. 242-45.

Petitioner also faults counsel for attempting to coerce him into pleading guilty by communicating three separate offers from the district attorney. Petitioner states that the last offer was to plead guilty to possession of paraphernalia, for which Petitioner would receive credit for time served (22 months), five years probation, and release that day. This complaint is misplaced. It sounds as if counsel attempted to persuade Petitioner to accept a very favorable plea bargain, considering the strong evidence of guilt. Petitioner cannot be relieved from his conviction on habeas review when he, despite counsel's efforts, refused to accept an offer that would have made him a free man that same day.

Petitioner includes under this heading a number of other ridiculous arguments such as Agent Smith was a known drug user who must have been under the influence of drugs when he testified, that there was no "official verification" that Smith was an officer, and the

like.  There is no factual basis for these or the many other similar outlandish claims scattered throughout Petitioner's submissions.

**Judicial Bias**

Petitioner complains in ground thirteen about virtually everything Judge Robinson did at trial. Examples are the judge's refusal to interrupt jury selection to rule on a pro se filing, noting at the preliminary examination that the evidence of guilt was overwhelming, and allegedly lacing the jury instructions with calculated ambiguities.  None of Petitioner's multiple complaints about how the judge conducted the trial are indicative of unconstitutional bias.  For example, the jury instructions complained about are rather routine, and the judge did issue a detailed written ruling on the "application for writ of habeas corpus" that Petitioner insisted he rule upon during the middle of jury selection.  The claims were all found lacking in merit.

**Release of Juvenile Records**

Petitioner complains in ground fourteen that someone from the court attempted to get him to sign a release that would allow review of his juvenile record as part of the pre-sentence investigation.  Petitioner states that he refused to sign the release.  There is no basis to overturn his criminal conviction based on the mere request that he sign a release, especially when he declined to do so.

**Ineffective Assistance of Counsel**

Petitioner argues in ground fifteen that counsel was ineffective because his many pro se claims of constitutional error set forth in the record "were not brought to 'Rise' and/or to

'Ground' during pretrial custody, in the trial court, prior to conviction, and/or direct appeal" by his attorneys.  Such generic assertions of error cannot amount to a showing of ineffective assistance of counsel under the demanding standard of Strickland v. Washington, 104 S.Ct. 2052 (1984) or moreover, that the state court's rejection of this claim was an objectively unreasonable application of Strickland.  None of the other issues raised by Petitioner, which he incorporates by wholesale reference into this Strickland claim, have been found to have merit.  Failure of counsel to make meritless objections or file futile motions is not ineffective assistance.  Johnson v. Cockrell, 306 F.3d 249, 255 (5th Cir. 2002); Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994).

**Patent Error Review; Incomplete Trial Record**

Petitioner argues in ground sixteen that the state appellate court "grossly departed from proper judicial proceedings" in violation of state court rules.  He complains that the court did not comply with the Code of Criminal Procedure by conducting an errors patent review and did not address the trial court's omission of pertinent transcripts of various pretrial proceedings.

A federal habeas applicant must claim a violation of a federal constitutional right. Arguments that the state courts did not comply with the Code of Criminal Procedure or similar state court rules do not constitute an independent basis for federal habeas relief. Estelle v. McGuire, 112 S.Ct. 475, 479-80 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.")

State courts do not routinely transcribe every pretrial appearance, so it is no surprise that there is not a transcript of each of Petitioner's many court appearances.  If appellate counsel had believed there was an error committed during a pretrial appearance, counsel could have requested a transcript.  Counsel obviously did not believe their was any error in the routine appearances, so transcripts were not prepared.  Petitioner has not demonstrated or articulated any conduct of constitutional magnitude related to the absence of such transcripts or that they would have revealed any constitutional errors that would warrant vacating his convictions.

**Incomplete Trial Record**

Petitioner argues in ground seventeen that the trial court, clerk of court, district attorney, and a court reporter in bad faith failed to comply with the appellate court's order to provide the complete trial court record.  This is yet another complaint by Petitioner, repeated throughout his state and federal filings, that the record is incomplete.  There is no evidence to support his bold assertions of a grand conspiracy or that the transcripts of any of his several, brief, pretrial court appearances would provide grounds for relief.

**Supreme Court of Louisiana Denial of Pro Se Application**

Petitioner argues that the Supreme Court of Louisiana erred when it did not grant his pro se application for writ and application for post-conviction relief.  He essentially repeats all of the many arguments addressed below and contends that the Supreme Court should have afforded relief based on them.  A federal habeas court does not sit as a super state supreme court to review errors of state law, and no errors of constitutional magnitude have been

found.  Furthermore, "infirmities in State habeas proceedings do not constitute grounds for relief in federal court."  Rudd v. Johnson, 256 F.3d 317, 319 (5th Cir. 2001); Drevino v. Johnson, 168 F.3d 173, 180 (5th Cir. 1999).

**Conclusion**

Petitioner's lengthy filings are confusing, repetitious, and filled with multiple arguments under the heading of one claim.  This Report and Recommendation has attempted to fairly address the arguments raised in Petitioner's lengthy submissions. There is simply no basis for habeas relief on any of the claims.

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **denied**,.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of January, 2014.

Mark L. Hornsby
U.S. Magistrate Judge